## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re Marsha Ralls, | ) ) ) | Case No. 15-00043 |
| Debtor. | ) ) | Chapter 13 |

### MOTION FOR RELIEF FROM STAY

BWF Private Loan Fund, LLC ("BWF"), though undersigned counsel, respectfully submits this Motion for Relief from Stay (this "Motion"), seeking lift-stay relief in order to obtain (though not enforce) a final judgment liquidating BWF's claims and rights against the debtor.  This Motion should be granted because BWF is entitled to liquidate its claims, and lifting the stay will enable the D.C. Superior Court (after more than two years of litigation and a multi-day jury trial concluded in November 2014), to rule; which the D.C. Superior Court was prepared to do at a hearing held January 29, 2015, the day after this chapter 13 case was commenced, but did not because of the automatic stay.[1]

### Background

1.  On or about November 8, 2011, BWF made a loan in the original principal amount of $500,000 (the "Loan") to The Ralls Collection, Inc. ("TRC"), a company owned by the debtor Marsha Ralls ("Debtor").

2.  On or about November 8, 2011, the Debtor signed a certain Unconditional Guaranty Agreement, guaranteeing (among other things), the due and punctual payment in full (and not merely the collectability) of the Loan.

---

[1]  Pursuant to Rule 9013-1(b)(2) of the Local Bankruptcy Rules of this Court, BWF exercises its right to combine the memorandum of facts and law with this Motion.

3. The Guaranty Agreement was secured by a certain Indemnity Deed of Trust and Security Agreement, Assignment of Leases and Rents filed on November 17, 2011 with the District of Columbia Recorder of Deeds.

4. On May 15, 2013 (after the Loan was not repaid in full), BWF filed a complaint in the D.C. Superior Court commencing the case captioned <u>BWF Private Loan Fund, LLC v. Marsha Ann Ralls and The Ralls Collection, Inc.</u>, Case No. 13-0003373 (the "Superior Court Case") seeking a judgment that, among other things, liquidates BWF's claims and authorizes BWF to foreclose on collateral posted by the Debtor to secure the Guaranty Agreement.

5. After more than two years of litigation in the Superior Court Case, a jury trial commenced on or about October 27, 2014, and concluded on or about November 6, 2014, whereupon the jury entered its verdict finding in favor of BWF and against TRC and Debtor, on issues pertaining to liability.

6. The D.C. Superior Court, Judge Motley presiding, set January 29, 2015 as the date for rendering a decision on the quantum of damages and entering a judgment in the Superior Court Case. However, upon learning of the Debtor's bankruptcy filing (and the bankruptcy of co-defendant TRC), Judge Motley, out of deference for the automatic stay, did not rule.

7. This case was commenced by the Debtor's filing of a voluntary chapter 13 petition on January 28, 2015.

**Relief Sought**

8. This Motion solely seeks relief from the automatic stay to enable BWF to return to the D.C. Superior Court to obtain the ruling and judgment that Judge Motely was prepared to render on January 29, 2015. BWF will not take steps to enforce any judgment absent further relief from this Court and the automatic stay.

## Argument

9.      As matter of law, BWF is entitled to a judicial determination of its claims and rights against the Debtor.

10.     A judicial determination of BWF's claims and rights will assist the Debtor, the chapter 13 trustee, and this Court in the administration of the case and the bankruptcy estate.

11.     BWF has spent substantial time and resources litigating the disputes with the Debtor in the Superior Court Case.  It continues to be prejudiced by the delay in obtaining a ruling from the D.C. Superior Court because of the Debtor's bankruptcy filing.  For example, until the D.C. Superior Court rules, the Debtor presumably will argue that BWF's claim is unliquidated and disputed, thereby arguably depriving BWF of the rights afforded a creditor in bankruptcy whose claim is liquidated and no longer subject to legitimate dispute.

12.     Inasmuch as BWF's claims and rights must be adjudicated (the Debtor's bankruptcy filing does not avoid such result), no prejudice to the Debtor will result if the Court grants BWF limited lift-stay relief solely for the purpose of returning to the D.C. Superior Court to obtain the judgment it was going to obtain on January 29, 2015.

13.     The foregoing constitutes "cause" under 11 U.S.C. § 362(d)(1) for granting this Motion.

WHEREFORE, for the foregoing reasons and for such other reasons as the Court deems appropriate, BWF requests that the Court grant it relief from the automatic stay to return to the D.C. Superior Court for the limited purpose of obtaining the judgment, order, decree and decisions that the D.C. Superior Court was prepared to render (but for the filing of this case and the automatic stay), but expressly prohibiting BWF from taking any measures to enforce any

such judgment, order, decree or other decision so long as the automatic stay is in place, without further order of this Court.

Dated:  February 12, 2015         Respectfully submitted,

                                                  */s/ Patrick J. Potter*
                                                  Patrick J. Potter (426514)
                                                  Dania Slim (991689)
                                                  Pillsbury Winthrop Shaw Pittman LLP
                                                  1200 Seventeenth Street, NW
                                                  Washington, DC 20036-3006
                                                  Telephone: 202-663-8928
                                                  Facsimile: 202-663-8007
                                                  Email: patrick.potter@pillsburylaw.com
                                                  Email: dania.slim@pillsburylaw.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re Marsha Ralls,<br><br>　　　Debtor. | )<br>)<br>) Case No. 15-00043<br>) Chapter 13<br>) |

## CERTIFICATE OF SERVICE

I, Patrick J. Potter, hereby certify that on February 12, 2015, BWF Private Loan Fund, LLC's Motion for Relief from Stay was electronically filed.  I further certify that true and correct copies have been served on February 12, 2015 by first class mail, postage prepaid, to:

Michael R. Murphy
1320 19th Street, NW
Suite 202
Washington, DC 20036

Marsha Ralls
1516 31st Street, NW
Washington, DC 20007

Cynthia Niklas
4545 42nd Street, NW
Suite 211
Washington, DC 20016-4623

Wendell W. Webster
1775 K Street, NW
Suite 600
Washington, DC 20006

U.S. Trustee
U.S. Trustee for Region Four
115 South Union Street
Suite 210 Plaza Level
Alexandria, VA 22314

Dated: February 12, 2015

*/s/ Patrick J. Potter*
Patrick J. Potter (426514)
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone: (202) 663-8928
Facsimile: (202) 663-8007
Email: patrick.potter@pillsburylaw.com